STEPHEN L. LEE *vs*. THOMAS N. PINDLE AND WIFE.—*Dec.* 1840.

Upon a bill for a division or a sale of slaves, and an account for their, hires, after an audit of the hires to the 21st January, and exceptions to the account, the Court of Chancery ordered a sale, and did not decree upon the accounts. In this stage of the cause, on the 27th March the defendant appealed, having first filed an appeal bond. *Held*, that under the act of 1830, ch. 185, the appeal was prematurely taken, and the decree not final.

The object of filing an appeal bond in such a case, is merely to suspend the execution of the decree for a sale of the specific property in dispute, until a final decree should be passed.

APPEAL from *Chancery.*

The bill in this cause was filed on the 2nd December 1837, by *Thomas N. Pindle and wife*, alleging, that *Stephen Lee* died in January 1833, seized and possessed of considerable real and personal estate, having first made his will; that the testator at the time of his death left a widow, *Elizabeth Lee*, and the following children, &c.; that by the said will his whole estate is devised to his widow for life, for the support and benefit of the testator's family, &c. The bill then proceeded to set forth the other portions of the testator's will, devising his slaves to his widow for life, and afterwards dividing them among certain of his children; that *Robert Welch of Ben.* and *Stephen L. Lee*, were the executors of the deceased testator; that the widow died in December 1836; and that thereupon the said *Stephen L. Lee* possessed himself of the whole of the estates of the testator, and now holds the same, and refuses to deliver up the slaves, or their increase, to those entitled under the will. The bill, after showing who were entitled to the slaves, &c., under the will of *Stephen Lee*, prayed for a discovery of the increase, and a division of the slaves, and also for account of hires and profits, &c.

This bill was answered by the defendants, and proof taken.

On the 21st January 1839, the auditor reported, that he had stated four accounts of the hire of the negroes of *Stephen Lee's* estate, from the time of the death of *Mrs. Elizabeth Lee* to that date. Three accounts included interest, the fourth was

without interest.   He also reported, that a sale was necessary to a division; that he has not assigned to the several legatees their respective shares, awaiting the Chancellor's order therefor. Both parties excepted to this report.

And at March term 1839, it appearing to the Chancellor (BLAND,) by the auditor's report of the 21st January 1839, that the negro slaves in the proceedings mentioned, and their increase, are not susceptible of division among the parties entitled, without a sale thereof, and the said report to that extent not being excepted to by any of the parties, it is ordered and decreed, that the said report of the auditor, so far as the same assumes, that the said slaves and their increase cannot be divided among the parties without a sale, be ratified and confirmed; and that the said slaves and their increase be sold; that A. R. and J. J. be appointed trustees, &c.   The proceeds of sale to be brought in, to be disposed of under the direction of this court, &c.

From this decree, *Stephen L. Lee* entered an appeal, and filed his bond to stay execution.

At this term, the appellants at the commencement of their argument suggested, that the cause might be dismissed, as being brought up against the first section of the act of 1830, ch. 185, which is as follows, viz:

"That no appeal shall hereafter be allowed from any decree or order of the Chancery Court, or county court, sitting as a court of equity, unless it be a final decree, or order in the nature of a final decree; and that upon appeal from a final decree, or order in the nature of a final decree, within the time limited by law for such appeals, all provisions, orders and decrees, passed in the cause, shall be open in the appellate court in the same manner as if such previous orders and decrees had been as heretofore appealed from, within nine months from the time of the passing of the same; provided always, that the execution of any decree or order of the Chancery, or any county court for the sale, conveyance or delivery of possession, of real or personal property, or the payment of money, or the bringing of money into court, or the appointment of a

receiver, or the opening of any way public or private, from which the right of an immediate appeal is taken away by this act, shall not be suspended or staid, unless a prayer for an appeal be entered on the docket, or filed among the proceedings in the cause, and bond in such penalty às the Chancellor, or county courts, (as the case may be) may prescribe, with good and sufficient security, to be approved by the Chancellor or county court, shall be given.

The question of dismissal was argued before STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

By J. JOHNSON for the motion, and

By RANDALL and ALEXANDER contra.

DORSEY, J., delivered the opinion of this court.

The appeal in this case must be dismissed, the record having been prematurely transmitted to this court. The Chancellor had not passed a final decree on all the matters in controversy between the parties, but had expressly reserved a portion of them for further adjudication. The object in praying the appeal and filing the appeal bond, was not to effect an immediate removal of the cause to the Court of Appeals; but for the purpose of suspending that portion of the Chancellor's decree, which directed the sale of the specific property in dispute, until he should pass a final decree on all the matters in controversy; when agreeably to the act of 1830, ch. 185, sec. 1, the whole case might properly be brought up for review in this court.

The court will sign an order dismissing the appeal, and remanding the case to the Court of Chancery, that such further proceedings may be had thereon, as the nature of the case may require.    APPEAL DISMISSED.

(*Note.*) Act of 1841, chapter 11. A Bill entitled, an act to repeal certain portions of the act, passed at December session eighteen hundred and thirty, chapter one hundred and eighty-five, entitled, an act to prevent unnecessary expense and

delay in prosecuting appeals from courts exercising equity jurisdiction in this State.

Section 1. Be it enacted by the General Assembly of Maryland, That so much of the first section of the said act, as takes away the immediate right of appeal from any decree or order of the Court of Chancery, or any county court, sitting as a court of equity, for the sale, conveyance or delivery of real or personal property, or the payment of money, unless such delivery or payment be directed to be made to a receiver, to be appointed by such court, be, and the same is hereby repealed; and that from any such decree or order heretofore passed, or hereafter to be passed, the right of an immediate appeal is hereby given.

Section 2. And be it further enacted, That the benefit of the preceding section shall be extended to appeals already taken, as well as to those hereafter to be taken; and the Court of Appeals shall proceed to hear and determine such appeals, as if the right of appeal had existed at the time such appeals were taken.